# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY | : | 1:14-cv-2082 |
| Plaintiff, | : | Hon. John E. Jones III |
| v. | : | |
| LOGAN W. SHERIFF, GEORGE UNGEMACH AND KAREN UNGEMACH, his wife, MICHAEL UNGEMACH AND HENRY SELLS, JR., | : | |
| Defendants. | : | |

## **MEMORANDUM**

## **January 27, 2015**

Presently pending before the Court are two Motions to Dismiss Plaintiff's Action for Declaratory Relief Pursuant to Federal Rule of Civil Procedure 12(b)(1), one filed by Defendant Logan Sheriff (Doc. 5) and one filed by Defendant Henry Sell, Jr. (Doc. 19). For the reasons that follow, we will grant both motions to dismiss, thus declining to exercise our jurisdiction in the matter *sub judice*. Our dismissal is without prejudice to the parties' ability to seek a declaratory judgment in state court.

## I. PROCEDURAL HISTORY

On October 29, 2014, Plaintiff Nationwide Agribusiness Insurance Company ("Nationwide") filed a Complaint against all Defendants. (Doc. 1). With this action, Nationwide seeks declaratory relief and a determination of the respective rights and responsibilities of the parties with regard to the liability insurance policy at issue in this matter, which was issued by Nationwide to Michael Ungemach, George Ungemach, Michael Ungemach-Partner as insureds.

Defendant Logan Sheriff ("Sheriff") filed a Motion to Dismiss Plaintiff's Action on November 17, 2014. (Doc. 5). Sheriff filed his brief in support of the Motion on December 1, 2014. (Doc. 13). Nationwide filed its brief in opposition to the Motion on December 15, 2014. (Doc. 14). Defendants George Ungemach, Karen Ungemach, and Michael Ungemach (collectively the "Ungemachs") also filed a brief in support of Sheriff's Motion on December 18, 2014. (Doc. 15). Sheriff filed his reply brief on December 24, 2014. (Doc. 23). Nationwide filed a reply brief in opposition to the Ungemachs' brief on December 31, 2014. (Doc. 28). Thus, having been fully briefed by the parties, this Motion is ripe for our review.

Additionally, on December 23, 2014, Defendant Henry Sells, Jr. ("Sells") filed a Motion to Dismiss the Action. (Doc. 19). Sells filed a brief in support of the

Motion on the same day. (Doc. 20). Nationwide filed its brief in opposition to this Motion on January 5, 2015. (Doc. 30). The time for Sells to file a reply brief has expired. This Motion is also ripe for our review.

**II.    FACTUAL SUMMARY**

The facts, as pleaded in the Complaint, are as follows: Nationwide is an Ohio corporation with its principal offices in Columbus, Ohio. (Doc. 1, ¶ 6). All of the Defendants are residents of Palmyra, Lebanon County, Pennsylvania. (*Id.*, ¶ 7-10). Nationwide issued a Farmowners Policy and Farm Umbrella Policy, Number FPKN FMPN 6624725813, to the Ungemachs (the "Policy"). (*Id.*, ¶ 11). The Policy period covered April 22, 2013 to April 22, 2014. (*Id.*) The Policy covered the Named Insureds, and any other person or organization qualifying as a Named Insured under the Policy. Specifically, it protected the Named Insureds from liability for bodily injury and property damage occurring on the Ungemachs' farm located at 200 Chestnut Hill Road, in Palmyra, Pennsylvania. (*Id.*, ¶ 12). This protection from liability was subject to restrictions and exclusions, detailed in the Policy documents. (*Id.*)

This declaratory judgment action concerning the Nationwide Policy has its origins in an alleged accident injuring a young man, Logan Sheriff, on the Ungemach farm. On or about June 4, 2014, Sheriff filed a personal injury lawsuit

in the Lebanon County Court of Common Pleas, alleging that he was injured while attempting to clean the heaters in the chicken houses on the Ungemach farm on November 19, 2013. (*Id.*, ¶ 19-20). Sheriff's alleged injuries include severe personal injuries and economic loss. (*Id.*, ¶ 20). Sheriff's suit asserted claims of negligence against the Ungemachs and Henry Sells, Jr. (*Id.*, Ex. B).

According to the Sheriff Complaint, Sheriff was employed at Porr Pig Farm in Lebanon County, working for a man named Robert Porr. (*Id.*, ¶ 21). Nationwide alleges that the Sheriff Complaint states that in November 2013, George Ungemach asked Porr if he could "borrow Logan on a temporary basis" to have him milk cows. (*Id.*, ¶ 22). Porr said he would discuss this possibility with Sheriff. (*Id.*) Sheriff then contacted George Ungemach, confirming he was willing to work on a temporary basis. (*Id.*, ¶ 24). The parties dispute whether Sheriff should be categorized as an "employee" or a "temporary worker" of the Ungemachs, because the categorization will decide whether the Nationwide Policy covers liability resulting from the alleged accident. The Policy contains an employers' liability exclusion, meaning that if Sheriff is considered an employee of the Ungemachs, as opposed to a temporary worker, the Policy does not cover liability resulting from the accident. (*Id.*, ¶ 55-56).

Additionally, there are two state court declaratory judgment actions pending

between the parties. Sheriff filed the first state declaratory action, and then George and Michael Ungemach filed the second one. (Docs. 14-3, 30, 32). Both are pending before the Lebanon County Court of Common Pleas. Nationwide intends to seek dismissal of both of these state actions, on the grounds they were filed after Nationwide filed the instant declaratory judgment action in federal court. (Docs. 30, 32).

### III. DISCUSSION

#### A. Abstention Under the Declaratory Judgment Act

Under the Declaratory Judgment Act, federal courts have discretionary jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014) (citing 28 U.S.C. § 2201(a)). The federal court's discretion is broad, and is informed by "considerations of practicality and wise judicial administration" in deciding whether to hear the case. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Thus, prior to considering the merits of such an action, "it is necessary to determine whether the Court should even entertain [the] case under the Declaratory Judgment Act at all." *Employers Mutual Casualty Co. v. Burke Landscaping, Inc. et al.*, No. 13-4043, 2014 WL 981195, at *1 (E.D. Pa. March 13, 2014).

Due to the high volume of declaratory judgment actions filed by insurance companies and their insureds, the Third Circuit has warned that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000). Federal district courts consider a variety of factors when exercising their reasoned discretion in these types of declaratory judgment actions. The Third Circuit has recently announced the following eight factor test to guide district court discretion, to the extent they are relevant:

"1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

2) the convenience of the parties;

3) the public interest in settlement of the uncertainty of obligation;

4) the availability and relative convenience of other remedies;

5) a general policy of restraint when the same issues are pending in state court;

6) avoidance of duplicative litigation;

7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*;

8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion." *Reifer*, 751 F.3d at

146.

The Third Circuit cautioned that these factors are "non-exhaustive," and a district court may find it appropriate to consider other factors based on the circumstances of a particular case. *Id.* In insurance cases, district courts are instructed to continue to consider the guidance from *Summy*. *Id.* at 147. There, a federal district court exercised its discretionary jurisdiction in a declaratory judgment action brought by an insurance company against its insured, ultimately granting the insurer summary judgment based on an exclusion in the policy applicable to the case. *Summy*, 234 F.3d at 132. On appeal, the Third Circuit vacated the district court's judgment, noting that no federal questions were involved in the case, and that it is important for state courts to be able to resolve uncertain areas of state law. *Id.* at 136. The court also noted that "when the state law is firmly established, there would seem to be even less reason for the parties to resort to federal court," and that only an "unusual" case in such circumstances would merit the exercise of a federal court's jurisdiction. *Id.* Furthermore, "[the defendant insured's] vigorous objection to the District Court's assumption of jurisdiction should have weighed in favor of refusing to entertain the action." *Id.*

In addition to the consideration of the above factors, the Third Circuit also clarified in *Reifer* that "the existence of pending parallel state proceedings *militates*

*significantly* in favor of declining jurisdiction, although it alone does not require doing so." *Reifer*, 751 F.3d 144-145 (emphasis added). Conversely, where a pending parallel state proceeding is absent, this "militates significantly in favor of exercising jurisdiction . . . ." *Id.* at 144. Consequently, a court must determine whether a state proceeding is in fact sufficiently "parallel" so as to weigh against exercising jurisdiction. A parallel state proceeding is "another proceeding . . . pending in a state court in which all the matters in controversy between the parties could be fully adjudicated." *Id.* at 139 (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)).

### B. Application of the DJA

Applying the factors and considerations outlined above to the matter *sub judice*, we first note that there are no federal questions at issue in the underlying case. Nationwide itself concedes that the instant declaratory judgment action only concerns a matter purely within the scope of Pennsylvania state law, to wit, whether Sheriff should be considered a temporary worker or an employee under the policy. (Doc. 30, pg. 9). Thus, we find no "special call" on our federal forum.

Additionally, it is Nationwide's contention that there are no novel or peculiar issues of state law at play here and thus we should feel comfortable resolving the merits of this action, citing to two federal district court cases for the

proposition that the insurance policies' definitions of "temporary worker," in those particular cases, were not ambiguous.[1] However, Sheriff counters that this is a matter of unresolved state law, asserting that no Pennsylvania court has addressed the term "temporary worker" as used in an employers' liability exclusion in an insurance policy. Both of these arguments can co-exist as true. Although federal district courts have found particular insurance policies' definitions of "temporary worker" to not be sufficiently ambiguous so as to require construction against the insurer, Pennsylvania state courts have not independently addressed the term in this context. However, it is unclear how Nationwide's argument on this point advances its position. *Empire Fire* expressly stated that Pennsylvania state courts had not yet addressed the term "temporary worker," and whether its definition is ambiguous in this context.[2] Thus, Defendants are correct that this is an area of unsettled state law. In this type of situation, *Summy* advises us to decline jurisdiction and allow state courts to develop the law on the topic. *Id.* at 136. As a result, this *Summy* factor weighs against our exercise of jurisdiction.

---

[1] *Empire Fire and Marine Ins. Co. v. Jones*, 739 F.Supp.2d 746 (M.D. Pa. 2010); *State Auto Property and Cas. Ins. Co. v. Bonk*, No. 3:11-cv-1796, 2013 WL 3356045 (M.D. Pa. July 3, 2013).

[2] Specifically, Pennsylvania courts have not addressed the use of the verb "furnish" in an insurance policy's definition of "temporary worker," and whether the concept of an employer "furnishing" a worker to someone else is ambiguous.

Nationwide heavily relies on *Canal Ins. Co. v. Paul Cox Trucking, et al.*, No. 1:05-cv-2194, 2006 WL 2828755 (M.D. Pa. Oct. 2, 2006), for its argument that the Court should exercise its jurisdiction in this case. Nationwide argues that *Canal* is much more analogous to the instant case compared to the facts in *Summy* and *Reifer*. In *Canal*, the district court denied the defendant's motion to dismiss the federal declaratory judgment action and decided to exercise its jurisdiction. *Canal*, 2006 WL 2828755, at *4. However, *Canal* involved issues of federal law, which the court found weighed against declining jurisdiction. The presence of a federal issue is a material distinction from our case, under *Brillhart*. Thus, we do not find Nationwide's reliance on *Canal* to be particularly persuasive.

### C.     Presence and Scope of Pending Parallel State Proceedings

The issue of whether a parallel state proceeding exists is heavily disputed by the parties.  As noted earlier, if a parallel state proceeding is found to exist, this triggers a presumption in favor of abstention. *Reifer*, 751 F.3d at 145. In determining whether it is appropriate to proceed with the federal declaratory judgment action despite a related pending state court action, a federal court should examine "the scope of the pending state court proceeding," in addition to the presence of federal questions and whether there are unsettled issues of state law at

issue in the case. *Brillhart*, U.S. at 495; *see also Summy*, 234 F.3d at 136.[3] "When a pending state court proceeding and a federal declaratory proceeding present 'the same issues . . . between the same parties,' the federal court should decline to exercise jurisdiction in deference to the state court." *Canal*, 2006 WL 2828755, at *2 (quoting *Brillhart*, 316 U.S. at 495). However, if the pending state and federal actions involve different issues or different parties, a federal court may decide to use declaratory relief to resolve the issues before it that are beyond the scope of the state court proceeding. *Id.* The fifth and sixth *Reifer* factors are appropriate to consider at this juncture, as well, to wit, the "general policy of restraint when the same issues are pending in state court" and the "avoidance of duplicative litigation." *Reifer*, 751 F.3d at 146.

In the instant case, there are not one, or two, but three pending state court actions among these parties, including separate declaratory judgment actions filed by Sheriff and the Ungemachs. Both are intended to determine the scope of the Nationwide insurance coverage. To add a fourth cause of action relating to the same issues between the parties that are already being heard in state court, and this time in federal court, would be the very definition of vexatious, inefficient, and

---

[3] We have already discussed the latter two factors, so our inquiry in this section of our Discussion will focus on the issue of the scope of the state court proceedings between the parties.

duplicative litigation. Despite this, Nationwide contends that the other state filing, Sheriff's underlying negligence suit, does not involve the same set of issues as would a declaratory judgment action concerning the scope of coverage of the insurance policy at issue. While this cannot be gainsaid, it still leaves two state declaratory judgment actions seeking to resolve the very same issue Nationwide aims to resolve in the matter *sub judice*: whether Nationwide's insurance policy covers the defense and indemnification of the Ungemachs with regard to Sheriff's injury on their farm.[4]

Nationwide also argues that the state court declaratory judgment actions were filed after the instant action and are thus barred by the doctrine of lis pendens. However, the Third Circuit has explicitly stated that it is "irrelevant" to our considerations that a state declaratory judgment action is filed after the federal declaratory action. *Summy*, 234 F.3d at 136. Additionally, Nationwide relies on the case of *Choate v. Breaux* for its lis pendens argument, but this case explicitly states that the defense of lis pendens is only applicable to the state action, where the parallel federal action was filed first. *Choate v. Breaux*, No. 4:11-cv-2118, 2012 WL 4103934, at *7 (M.D. Pa. Aug. 31, 2012).

---

[4] In any event, we note that it is not strictly necessary to have a pending parallel state proceeding in a case where there are no issues of federal law, in order for us to decline to exercise our jurisdiction in a declaratory judgment action. *Reifer*, 751 F.3d at 146.

For all of the reasons aforestated, including that we find that at least one pending parallel state proceeding exists between the parties, the presumption in favor of abstention is triggered.

### D.   Application of the Remaining *Reifer* Factors

Having determined that there is at least one sufficiently parallel proceeding pending in state court, we proceed with the rest of our analysis with the overarching presumption that we should decline to exercise jurisdiction over the declaratory action. Thus, we should only exercise jurisdiction if the balance of the remaining *Reifer* factors weigh heavily in favor of exercising jurisdiction. They too do not favor Nationwide.

Considering the *Reifer* factors of convenience to the parties of a federal declaratory judgment action and the prevention of the use of this action as a method of procedural fencing, these concerns also weigh in favor of declining jurisdiction. Clearly, this federal action is not convenient to any of the parties involved but Nationwide. All of the Defendants are united in their desire to not relitigate in federal court, when they are already expending their time and resources in three state court actions. Further, all of the Defendants are located in the same geographic area of Lebanon County, so the Lebanon County Court of Common Pleas in that area is convenient for them. We are also concerned about

procedural fencing and Nationwide's motivations for so vigorously pursuing a declaratory judgment action in a federal forum, when all of the other parties involved oppose it, and declaratory judgment actions have been filed in state court.

Regarding the other generally applicable factors, none weigh strongly in favor of retaining jurisdiction. There does not appear to be a significant public interest in a federal court resolution of this case, especially since as noted there are no federal questions involved. Concededly, a federal court's declaratory judgment would resolve the insurance coverage issue for the parties, thus removing an uncertainty of obligation among them with regard to the Policy, so that *Reifer* factor weighs in favor of retaining jurisdiction. However, other relatively convenient remedies are available, considering Nationwide could have pursued a declaratory judgment action in state court under Pennsylvania state law, and indeed two declaratory judgment actions are already pending in state court with the purpose of resolving the question of the scope of coverage of the insurance policy at issue. Lastly, the eighth *Reifer* factor, which notes the "inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion" applies to the instant matter. *Reifer*, 751 F.3d at 146. Nationwide is defending the Ungemachs in the underlying personal injury action, but under

reservation of rights.

Having weighed all the factors derived from *Reifer*, *Summy*, and *Brillhart*, we conclude that the most judicious and efficient decision is to decline to exercise our jurisdiction in this matter.

## IV.   CONCLUSION

Consistent with our above discussion, we shall grant Defendants' Motions to Dismiss and decline to exercise our jurisdiction in the matter *sub judice*. This case shall be dismissed without prejudice, so the parties may proceed to resolve the matter amongst them in state court.

An appropriate order shall issue.